## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR FLORES<br>717 Kennedy Street NW<br>Washington, DC  20011<br><br>CRISTINA ARROYO<br>717 Kennedy Street NW<br>Washington, DC  20011<br><br>      Plaintiffs, on behalf of themselves<br>      and all similarly situated individuals,<br><br>v.<br><br>BOBBY ATHANASAKIS<br>2310 Twin Valley Lane<br>Silver Spring, MD  20906<br><br>EMMANUEL ATHANASAKIS<br>1641 Wisconsin Avenue NW<br>Washington, DC  20007<br><br>HARALAMBOS ATHANASAKIS<br>2310 Twin Valley Lane<br>Silver Spring, MD  20906<br><br>MANNY AND OLGA INC.<br>8107 Fenton Street<br>Silver Spring, MD<br><br>MANNY & OLGA'S PIZZA<br>SYSTEMS, INC.<br>13707 Northgate Drive<br>Silver Spring, MD  20902<br><br>3624 GEORGIA AVENUE, INC.<br>3624 Georgia Avenue NW<br>Washington, DC  20010<br><br>      Defendants.<br>_____ | Civil Action No. _____ |

## COLLECTIVE ACTION COMPLAINT

### Introduction

1.      Plaintiffs were employees of a fast food restaurant that does business as "Manny and Olga's." Plaintiff Oscar Flores was a cook who was paid a flat salary of approximately $330 to $400 for approximately 63 weekly hours of work. Plaintiff Cristina Arroyo was a food deliverer who was paid at an hourly rate of $4 for each of her approximately 60 weekly hours of work.

2.      The individuals and corporate Defendants own and operate a single enterprise that does business as "Manny & Olga's" at approximately 14 locations in the District of Columbia and Maryland. Defendants have instituted a common plan or policy of: (a) paying their non-exempt, in-store employees a flat weekly salary of approximately $300 to $500 per week for what is often well over 40 weekly hours of work — a scheme that denies overtime compensation and often results in a sub-minimum wage; and (b) paying their delivery drivers a flat, sub-minimum wage for all hours worked — a scheme that invariably denies overtime compensation and results in a sub-minimum wage.

3.      Plaintiffs bring this action on behalf of themselves and all similarly situated individuals to recover damages for Defendants' willful failure to pay overtime and/or minimum wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and/or the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.* Defendants propose two collective actions; generally: (a) similarly situated, non-exempt in-store employees, and (b) similarly situated food deliverers. Each of these collective actions would have a DCMWA sub-class of those employees who spend more than 50% of their time working in the District of Columbia (and who are therefore subject to the District of Columbia minimum wage).

**Jurisdiction and Venue**

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and/or a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

6.      Plaintiffs are adult residents of the District of Columbia.

7.      Defendant Bobby Athanasakis is an adult resident of Maryland. He is the de facto head of the Manny & Olga's enterprise.

8.      Bobby Athanasakis is an owner of Defendants Manny and Olga Inc., Manny & Olga's Pizza Systems, Inc., and/or 3624 Georgia Avenue, Inc.

9.      Bobby Athanasakis is an officer and/or director of Defendants Manny and Olga Inc., Manny & Olga's Pizza Systems, Inc., and/or 3624 Georgia Avenue, Inc.

10.     Defendant Emmanuel Athanasakis (a/k/a Manny Athanasakis) is an adult resident of Maryland.

11.     Emmanuel Athanasakis is an owner of Defendants Manny and Olga Inc., Manny & Olga's Pizza Systems, Inc., and 3624 Georgia Avenue, Inc.

12.     Emmanuel Athanasakis is an officer or director of Defendants Manny and Olga Inc., Manny & Olga's Pizza Systems, Inc., and 3624 Georgia Avenue, Inc.

13.     Defendant Haralambos Athanasakis is an adult resident of Maryland.

14.    Haralambos Athanasakis is an owner of Defendants Manny and Olga Inc., Manny &

Olga's Pizza Systems, Inc., and 3624 Georgia Avenue, Inc.

15.    Haralambos Athanasakis is an officer or director of Defendants Manny and Olga Inc.,

Manny & Olga's Pizza Systems, Inc., and 3624 Georgia Avenue, Inc.

16.    Defendant Manny and Olga Inc. is a Maryland corporation that regularly conducts

business in Maryland and the District of Columbia. Its principal place of business is: 8107

Fenton Street; Silver Spring, MD. Its resident agent for service of process is: Richard W. Lawlor,

Esq.; 1688 E. Gude Drive, Suite 102; Rockville, MD 20850.

17.    Defendant Manny and Olga Inc. lost its corporate status between October 3, 2011 and

July 9, 2012, and during that time operated as an unincorporated general partnership.

18.    Defendant Manny & Olga's Pizza Systems, Inc. is a Maryland corporation that regularly

conducts business in Maryland and the District of Columbia. Its principal place of business is

3707 Northgate Drive. Its resident agent for service of process is: Richard W. Lawlor, Esq.; 1688

E. Gude Drive, Suite 102; Rockville, MD 20850.

19.    Defendant 3624 Georgia Avenue, Inc. is a District of Columbia corporation that regularly

conducts business in Maryland and the District of Columbia. It was incorporated on March 29,

2011. Its principal place of business is: 3624 Georgia Avenue; Washington, DC 20010. Its

resident agent for service of process is: Emanuel [sic] Athanasakis; 1641 Wisconsin Avenue

NW; Washington, DC  20007.

## Factual Allegations

20.    At all relevant times, Defendants acted through unified operation and common control.

21.    At all relevant times, Defendants collectively constituted an enterprise within the

meaning of the FLSA that does business as "Manny & Olga's."

22.     Manny and Olga's is a fast food restaurant and delivery service with approximately fourteen locations in the District of Columbia and Maryland.

23.     At all relevant times, Defendants had more than two employees, and had an annual gross volume of sales made or business done of $500,000.00.

24.     At all relevant times, the Plaintiffs and similarly situated individuals were  engaged in commerce or in the production of goods for commerce.

25.     At all relevant times, Defendants controlled the hours that Plaintiffs and similarly situated individuals worked, the manner in which they were paid, and the conditions of their employment.

26.     At all relevant times, Defendants had the power to hire and fire the Plaintiffs and similarly situated individuals.

27.     At all relevant times, Defendants "employed" the Plaintiffs and similarly situated individuals within the meaning of the FLSA and the DCMWA.

28.     At all relevant times, Defendants were joint employers of Plaintiffs and other similarly situated individuals within the meaning of 29 C.F.R. § 791.2.

29.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs and similarly situated individuals, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008 or Md. Code, Lab & Empl. Art., § 3-424.

30.     The exact amount of hours worked by and wages owed to Plaintiffs and similarly situated individuals will only be known through discovery.

31.     Defendants were aware that they were legally required to pay Plaintiffs and similarly situated individuals the applicable minimum wage — and one and one-half times the applicable minimum wage for all hours worked in excess of 40 hours in any one workweek.

32.     At all relevant times, the applicable federal minimum wage was $7.25 — and the applicable federal minimum wage for overtime hours was $10.38.

33.     At all relevant times, the applicable District of Columbia minimum wage was $8.25 — and the applicable District of Columbia minimum wage for overtime hours was $12.38.

**Plaintiff Oscar Flores**

34.     Plaintiff Oscar Flores worked for Defendants from 2009 through approximately August 1, 2013.

35.     Oscar Flores worked at a Manny & Olga's location at 1841 14th Street NW, Washington, DC for part of the last three years, and a Manny & Olga's location at 3624 Georgia Avenue NW, Washington, DC 20010 for the other part of the last three years.

36.     The District of Columbia business license for the 1841 14th Street NW location is in the name of defendant Emmanuel "Manny" Athanasakis; no corporation is licensed to do business at that address.

37.     The District of Columbia business license for the 3624 Georgia Avenue NW location is in the name of defendant Haralambos Athanasakis; no corporation is licensed to do business at that address.

38.     During his time at both the 1841 14th Street NW location and the 3624 Georgia Avenue NW location, Oscar Flores worked as a cook. However, his duties also included preparing food, cleaning the establishment, and processing customer transactions.

39.     At all relevant times, Oscar Flores worked approximately 63 hours per week, on average.

40.     Defendants paid Oscar Flores approximately $330 a week from approximately October 2010 to approximately July 2012.

41.     Defendants paid Oscar Flores approximately $400 a week from approximately July 2012 to approximately August 2013.

42.     Prior to February 2012, Oscar Flores was paid in cash.

43.     Beginning in February 2012, Oscar Flores was paid in checks that variously bore the entity names: "Manny and Olgas [sic] Pizza Georgetown"; "Manny and Olgas [sic] Pizza Inc."; "Manny & Olga's"; and "3624 Georgia Ave Inc [sic]". Changes in the entity name on the checks did not correspond to any change in Oscar Flores' job location or job duties.

44.     Most of the time, Oscar Flores was paid directly by one of the individual Defendants.

45.     Defendant Bobby Athanasakis fired Oscar Flores in August 2013.

46.     For his work from October 7, 2010 to the present, Oscar Flores is owed approximately $38,993.22 in minimum and overtime wages.

**Plaintiff Cristina Arroyo**

47.     Plaintiff Cristina Arroyo worked for Defendants from 2006 through approximately August 1, 2013.

48.     Cristina Arroyo worked at a Manny & Olga's location at 1841 14th Street NW, Washington, DC.

49.     Cristina Arroyo worked as a food deliverer.

50.     At all relevant times, Cristina Arroyo worked approximately 60 hours per week, on average.

51.     Cristina Arroyo was required to report to work at a specific time to wait for orders.

52.     Defendants told Cristina Arroyo when deliveries would take place, to whom the food would be delivered, and the price to be charged for each order. After delivering food, she was

required to return to work for further instruction. She was required to work until she was told she could leave.

53.     Cristina Arroyo was not permitted to engage in other deliveries than those required by Defendants, and she did not in fact do so.

54.     Defendants paid Cristina Arroyo $4 per hour in cash for all hours worked.

55.     Most of the time, Cristina Arroyo was paid directly by one of the individual Defendants.

56.     Defendant Bobby Athanasakis fired Cristina Arroyo in August 2013.

57.     For her work from October 7, 2010 to the present, Cristina Arroyo is owed approximately $48,600.00 in minimum and overtime wages.

## Collective Action Allegations – Non-exempt, In-Store Employees

58.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b) and/or the DCMWA, D.C. Code § 32-1012.

59.     Defendants pay almost all of their non-exempt, in-store employees similarly to how Defendants paid Oscar Flores.

60.     Almost all of Defendants' non-exempt, in-store employees work significant amounts of overtime. Defendants do not keep accurate records of these hours.

61.     Defendants have a common policy of paying these employees a flat salary of between approximately $300 and $450 a week.

62.     This scheme denies proper overtime compensation and often results in a sub-minimum wage.

63.     On information and belief, there are hundreds of current and former similarly situated non-exempt, in-store employees who have been denied at least $2,000,000.00 in minimum and overtime compensation by this scheme over the last three years.

**Collective Action Allegations — Food Deliverers**

64.     Defendants pay almost all of their food deliverer employees similarly to how Defendants paid Cristina Arroyo.

65.     Almost all of Defendants' food deliverers work significant amounts of overtime. Defendants do not keep accurate records of these hours.

66.     Defendants have a common policy of paying these employees a flat rate of $4 per hour for all hours worked.

67.     This scheme invariably denies proper overtime compensation and results in a sub-minimum wage.

68.     On information and belief, there are dozens of current and former similarly situated food deliverers who have been denied at least $1,000,000.00 in minimum and overtime compensation by this scheme over the last three years.

## COUNT I
## FAILURE TO PAY MINMUM AND OVERTIME WAGES UNDER THE FLSA
### (29 U.S.C. § 201 *et seq.*)

69.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

70.     Plaintiffs and similarly situated individuals were "employees" of Defendants within the meaning the FLSA, 29 U.S.C. § 203(e)(1).

71.     Plaintiffs and similarly situated individuals were "non-exempt" employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 213.

72.     Defendants were "employers" of Plaintiffs and similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

73.     The FLSA requires employers to pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

74.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

75.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

76.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs and similarly situated individuals the statutory minimum wage for all hours worked.

77.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs and similarly situated individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

78.     Defendants' violations of the FLSA were willful.

79.     For their violations of the FLSA, Defendants are liable to Plaintiffs and similarly situated individuals for unpaid minimum and overtime compensation, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA
### (D.C. Code § 32-1001 *et seq.*)

80.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

81.     Plaintiffs and a sub-class of similarly situated individuals spent more than 50% of their working time in the District of Columbia.

82.     Plaintiffs and a sub-class of similarly situated individuals were "employees" of Defendants within the meaning of the DCMWA, D.C. Code § 32-1002(2).

83.     Plaintiff and a sub-class of similarly situated individuals were "non-exempt" employees of Defendants within the meaning of the DCMWA, D.C. Code § 32-1004.

84.     Defendants were "employers" of Plaintiffs and a sub-class of similarly situated individuals within the meaning of the DCMWA, D.C. Code § 32-1002(3).

85.     The DCMWA requires employers to pay non-exempt employees a minimum wage one dollar higher than the federal minimum wage. D.C. Code § 32-1003(a).

86.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

87.     Defendants violated the DCMWA by knowingly failing to pay Plaintiffs and a sub-class of similarly situated individuals the Dictrict of Columbia statutory minimum wage for all hours worked.

88.     Defendants violated the DCMWA by knowingly failing to pay Plaintiffs and a sub-class of similarly situated individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

89.     Defendants' violations of the DCMWA were willful.

90.     For their violations of the DCMWA, Defendants are liable to Plaintiffs and a sub-clss of similarly situated individuals for unpaid minimum and overtime compensation, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against all Defendants, jointly and severally, in Plaintiffs' favor on all counts, and grant the following relief:

a.      Award Plaintiffs and all similarly situated individuals: unpaid minimum and overtime wages, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216;

b.      Award Plaintiffs and a sub-class of individuals who spent more than 50% of their working time in the District of Columbia: unpaid minimum and overtime wages, pursuant to D.C. Code § 32-1012;

c.      Award Plaintiffs their reasonable attorneys' fees, expenses and costs of court;

d.      Award Plaintiffs pre-judgment and post-judgment interest as allowed by law; and

e.      Any additional relief the Court deems just.


Date: October 11, 2013                                  /s/Justin Zelikovitz
                                                        Justin Zelikovitz (#986001)
                                                        Law Office of Justin Zelikovitz PLLC
                                                        409 U Street NW
                                                        Washington, DC 20001
                                                        T: (202) 445-6960
                                                        F: (202) 683-6102
                                                        justin@dcwagelaw.com

                                                        *Counsel for Plaintiffs*